HOTEL SHERMAN, INC., a corporation, Plaintiff,

v.

Roy A. HARLOW, Robert S. Waterfield, Robert J. Kelley, Don Paul, and K.P. W.H., Inc., a corporation, Defendants.
Civ. No. 187-59.

United States District Court
S. D. California,
Central Division.
Sept. 14, 1960.

---

1. U. S. Code Congressional and Administrative News 85th Congress 2nd Session pp. 3261–3263.

Lester William Roth, James P. Del Guercio, Beverly Hills, Cal., and L. Julian Harris, Chicago, Ill., for plaintiff.

Donald D. Stark, Corona, Cal., and Melvin B. Grover, Los Angeles, Cal., for defendants.

KUNZEL, District Judge.

By this action, plaintiff, a Delaware Corporation with its principal place of business in Chicago, Illinois, the owner of the Pump Room in Chicago, Illinois, seeks to enjoin defendants, citizens of California, from using the name "Pump Room" in connection with the operation of a restaurant and cocktail bar in Los Angeles County. Plaintiff also demands general and punitive damages. Defendants, by counterclaim, seek to enjoin the plaintiff from using the name "Pump Room" in Los Angeles County in connection with plaintiff's proposed opening of a restaurant in Los Angeles County.

Plaintiff's predecessor, Ambassador East, Inc., established the Pump Room in the Ambassador East Hotel in Chicago, Illinois in 1938. The decor and service were unique and by 1951 the name "Pump Room" had acquired through diverse publicity a secondary meaning throughout the United States. The foundation and operation of the Pump Room and publicity received by it is described in the cases of Ambassador East, Inc. v. Shelton Corners, Inc., D.C.S.D.N.Y.1954, 120 F.Supp. 551; Ambassador East, Inc. v. Orsatti, Inc., 3 Cir., 1958, 257 F.2d 79. See also the District Court opinion in the Orsatti case, D.C.E.D.Pa.1957, 155 F.Supp. 937. The evidence presented by

plaintiff in the instant case in connection with the founding and operation of the Pump Room and publicity received by it is similar to that described in the cited cases.

In February or March of 1945, the defendant Roy A. Harlow opened a restaurant on Ventura Boulevard near the intersection of Van Nuys Boulevard, in Los Angeles County, which he named the "Pump Room", claiming that the name had been inspired by reference in a book to the Pump Room in Bath, England, and not by the Chicago Pump Room. This same Pump Room in Bath, England, allegedly also furnished the inspiration to the plaintiff's predecessor.

In 1948 Harlow moved his operation to a building which he owned at 13003 Ventura Boulevard, a short distance from the original location. Harlow continued his operation at the new location until the latter part of 1954 when he sold the business, leased the premises to the purchaser for ten years, and granted to the purchaser the right to use the name "Pump Room" during the term of the lease. The original purchaser from Harlow sold the business in 1956 and the second purchaser operated the business until either late in 1956 or the early part of 1957 when the premises were abandoned and closed for a short period of time. During a portion of this time the restaurant was operated under the name "Valley Pump Room." Harlow, as landlord, repossessed the premises early in 1957. At about the time Harlow repossessed the premises he agreed with the defendants Waterfield, Kelley, and Paul that they would, as associates, open a restaurant in the repossessed premises.

The defendant associates at that time decided that they would operate under the name "Pump Room" and, jointly, they spent approximately $70,000 for renovation and alteration of the premises and for the purchase of a liquor license. The associates formed the defendant California corporation K.P.W.H., Inc. to take over the business. Each of the defendants except Harlow, as of early 1957

and before opening the restaurant, denied ever having heard of plaintiff's Pump Room.

Plaintiff's predecessor, during the year 1954 through its attorneys, carried on correspondence with the defendant Harlow and his attorneys relative to Harlow's desisting from the use of the name "Pump Room," with the net result that Harlow refused to cooperate. In 1954, plaintiff's predecessor's board of directors decided not to press defendant Harlow until further developments in the Orsatti case. Nothing further was done until July 1958 when the Orsatti case was decided although the board in the meantime had authorized action against persons using the name "Pump Room" in Miami, Florida, and Milwaukee, Wisconsin. The instant action was commenced in February 1959.

■ Defendants contend that plaintiff should be "estopped" from asserting its rights by reason of the lapse of time which occurred between the time it first asserted its rights and the time that the complaint was filed, a period of 4 years and 4 months, during which time the defendants spent a considerable sum of money in renovating their premises. Since the plaintiff did nothing to mislead the defendants there cannot be an "estoppel in pais." However, "an estoppel by laches" may exist if the plaintiff's delay was inexcusable and defendants expended money detrimentally relying on the delay; 4 Callman, Unfair Competition and Trade-marks, p. 1786, et seq. While here defendants' expenditures were spent detrimentally during plaintiff's delay, plaintiff's delay was excusable. The excuse of awaiting the results of the Orsatti case supra, is a valid excuse.

■ There is no question but that following 1951, by advertising and other means, the plaintiff's establishment became famous throughout the United States. Its fame, however, did not pervade the San Fernando Valley area before the time that the defendants' Pump Room became known in that area. On

the other hand, the fame of defendants' establishment did not extend beyond the San Fernando Valley area between 1945 and 1957, albeit since 1957, there has been some wide-spread publicity given the defendants' restaurant by reason of the prominence in the sports world of Harlow's associates. Where, as here, the defendant Harlow used the name "Pump Room" in good faith when he first opened his restaurant in 1945, it would be inequitable to enjoin the use of the name because the plaintiff's predecessor thereafter increased its advertising and publicity coverage so as to extend its renown into defendants' locale. In the circumstances, it is believed that there should be a division of territory. This method of handling a trade name or trade-mark dispute is not new and was used in the cases of Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713, and United Drug Co. v. Theodore Rectanus Co., 248 U.S. 90, 39 S.Ct. 48, 63 L.Ed. 141. The extent of the territory allocated to each of the parties must of necessity be arbitrary to some degree in view of the paucity of evidence on the subject.

On plaintiff's complaint defendants shall be enjoined from using the name "Pump Room" in connection with the operation of any business beyond a radius of four miles from 13003 Ventura Boulevard, Los Angeles County, California, and defendants shall further be enjoined from, in any manner, using any mark or insignia in connection with their activities or operation similar to plaintiff's mark or insignia. On defendants' counterclaim plaintiff shall be enjoined from using the name "Pump Room" in connection with the operation of any business within a four-mile radius from 13003 Ventura Boulevard.

Plaintiff having failed to introduce any evidence as to damages, the demand for damages shall be denied.

This opinion shall constitute the findings of fact and conclusions of law herein, and plaintiff shall prepare the judgment in accordance therewith.